UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,                    Case No. 1:08-CV-253

v.                                     HON. GORDON J. QUIST

ELAN NUTRITION, INC.,

        Defendant.
_____/

## MEMORANDUM OPINION AND ORDER

Plaintiff, Equal Employment Opportunity Commission ("EEOC"), has sued Defendant Elan Nutrition, Inc., ("Elan") alleging violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12122(a) and 12112(b)(5)(A). (Compl. ¶ 8.) Elan has moved to dismiss for failure to state a claim. Fed. R. Civ. P. 12(b)(6).

EEOC's complaint is based on Elan's alleged unlawful treatment of a former employee, Intervenor-Plaintiff Judy Wakil ("Wakil"). The sole factual allegations of the complaint state:

> 8. Since at least April 2006, Defendant Employer engaged in unlawful employment practices at its Grand Rapids, Michigan facility in violation of Sections 102(a) and 102(b)(5)(A) of the ADA, 42 U.S.C. §§ 12122(a) and 12112(b)(5)(A). The Defendant's practices include, but are not limited to denying Wakil's request for a reasonable accommodation and terminating her employment.
>
> 9. The effect of the practices complained of in paragraph 8 above has been to deprive Wakil of equal employment opportunities and otherwise affect her status as an employee because of her disability.

(Compl. ¶¶ 8 and 9.) In response to Elan's motion to dismiss, the EEOC has provided the Charge of Discrimination filed by Wakil. The Charge was not attached to the complaint, and the only

reference to the charge in the complaint is that "[m]ore than thirty (30) days prior to the institution of this lawsuit, Wakil filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Employer." (Compl. ¶ 7.) In the Charge, Wakil asserts that she received short-term disability for arthritis in her legs, ankles, and arches. Wakil alleges that her doctor informed her she could return to work if she did not have to walk or stand for long periods of time. Wakil says that she requested an accommodation to use a motorized scooter or wheelchair, which was denied, and that she was eventually terminated. In the Charge, Wakil alleges both age and disability discrimination.

Federal Rule of Civil Procedure 8(a) requires only "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99 (1957). A claim survives a motion to dismiss for failure to state a claim if its "factual allegations are enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1959 (2007)). As stated in *Bell Atlantic*:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp.*, 127 S.Ct. at 1961.

The allegations in the complaint, by themselves, do not satisfy the *Bell Atlantic* standard. The EEOC's complaint fails to allege either Wakil's claimed impairment or the reasonable accommodation Wakil requested and was denied. Although the EEOC need not allege a prima facie

case in its complaint, the Sixth Circuit, even before *Bell Atlantic*, has held that, at a minimum, a plaintiff in an ADA case must notify the defendant of the alleged impairment. *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001) ("We hold that so long as the complaint notifies the defendant of the claimed impairment, the substantially limited major life activity need not be specifically identified in the pleading.") The EEOC's complaint fails to give any notice to Elan of the factual basis for the lawsuit.

The EEOC responds that the Court should consider the Charge of Discrimination completed by Wakil and attached to the EEOC's response to Elan's motion. The EEOC argues that the Charge provides sufficient factual detail to survive the motion to dismiss and because it was referenced in ¶ 7 of the complaint, it should be incorporated into the complaint. The EEOC is correct that the Charge would provide sufficient factual detail to survive the present motion to dismiss. Primarily, the Charge suggests that Wakil's alleged impairment is arthritis and that she was denied an accommodation to use a motorized wheelchair or scooter.

The Court, however, declines to consider the Charge of Discrimination as part of the complaint. Since the Charge was not attached to the EEOC's pleading, it is not considered part of the pleading under Fed. R. Civ. P. 10(c). The EEOC argues that the Court should still consider the Charge incorporated into the complaint because it was referenced in the complaint. There are circumstances where "a document that is not formally incorporated by reference or attached to a complaint may still be considered part of the pleadings." *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999). Such cases occur when "a document is referred to in the complaint and is central to the plaintiff's complaint." *Id.*

The Charge is not part of the complaint for several reasons. First, the Charge contains what Wakil alleged to the EEOC, not necessarily what the EEOC is alleging to the Court or to Elan. For example, Wakil alleges in the Charge that she was discriminated against on the basis of both

3

disability and age; however, the EEOC only alleges disability discrimination in its complaint. Although only one example, it illustrates the possibility that what Wakil placed in the Charge may not necessarily be what the EEOC chooses to allege in the complaint. It is entirely possible that the EEOC may seek to base its claim on different impairments, different accommodations denied, or even different adverse employment actions than what Wakil initially presented to the EEOC. Second, by declining to give its own assertion of the facts forming the basis for the claim and instead relying on the factual assertions of a third party, the EEOC may be attempting to circumvent the requirements of Fed. R. Civ. P. 11(b). The EEOC, and its counsel, has to assert their own confidence in Wakil's charges.

Absent the Charge, the complaint does not give fair notice to Elan of the factual basis for the lawsuit. As such, the EEOC's complaint fails to state a claim upon which relief can be granted. Therefore,

**IT IS HEREBY ORDERED** that Defendant Elan's Motion to Dismiss (docket no. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff EEOC **has fourteen (14) days from the date of this Order to file an amended complaint or be dismissed from this lawsuit**. If the EEOC fails to file an amended complaint within the fourteen (14) days, this case shall be deemed, without further order of this Court, dismissed without prejudice. Furthermore, in the interest of fair and efficient administration of justice, Fed. R. Civ. P. 1, and to prohibit "judge shopping," after the fourteen (14) days have passed, the EEOC shall not file any amended complaint or new complaint without order of this Court.

Dated:  August 12, 2008                         /s/ Gordon J. Quist
                                                       GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE

4